*In re.* PETITION OF THE STATE *ex rel.* MOSES GUYTON AS CLERK, *Petitioner, v.* WILLIAM V. KNOTT, STATE TREASURER, *Respondent.*

MANDAMUS—CHAPTER 4121, LAWS OF 1893, CONSTRUED—DUTY OF COMPTROLLER, GOVERNOR AND TREASURER UNDER SAID CHAPTER.

Under chapter 4121, laws of 1893, making povision for the transmission of funds by the State Treasurer to clerks of the Circuit Courts for the payment of jurors and witnesses before grand juries upon requisitions of such clerks, it is the duty of the Comptroller to endorse such requisitions for such sum as in his judgment is necessary for the object to be met; and under the provisions of said act, when read in connection with sections six and twenty-four of Article Four of the constitution, it is the duty of the Governor to countersign the endorsement of such requisitions by the Comptroller, and when so endorsed by the Comptroller and countersigned by the Governor it is the duty of the State Treasurer to transmit to the clerk making the requisition the amount sanctioned by the endorsement of the Comptroller. Where a petition for mandamus against the State Treasurer to enforce the performance of his duty under said act fails to show that the endorsement by the Comptroller of such a requisition has been countersigned by the Governor, the alternative writ of mandamus will be denied.

This case was decided by the court *En Banc.*

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*William B. Farley* for petitioner.

*William H. Ellis,* Attorney-General, for respondent.

TAYLOR, C. J.—Recently, at the present term, in the case of *State ex rel. Guyton, Clerk, v. A. C. Croom, Comptroller,* a mandamus proceeding originating in this court,

we have held that Chapter 4121, laws of 1893, making provision for the transmission of funds by the State Treasurer to the Clerks of the Circuit Courts for the payment of jurors and witnesses before grand juries, upon the requisition of such clerks to the Comptroller, was constitutional, and that when such requisitions were presented to the Comptroller it was his duty to endorse the same for such sum as in his judgment was necessary for the object to be met, and, in effect, that it was the duty of the Governor, under the provisions of said Chapter 4121, read in connection with sections six and twenty-four of Article Four of the constitution, to countersign such requisitions with the Comptroller, and that when so signed by the Comptroller and Governor, it was the duty of the State Treasurer to transmit the amount authorized by the Comptroller to the clerk making the requisition. We are still satisfied with the correctness of the holdings in that case. The relator in that case now applies for a writ of mandamus against the State Treasurer to compel him to transmit the amount endorsed on the requisition by the Comptroller in response to the alternative writ in the former case, but in his petition for the writ he fails to show that such endorsement of such requisition by the Comptroller has been countersigned by the Governor. As was held in the former case, it becomes the duty of the Treasurer to transmit the money only when such requisition endorsed by the Comptroller has been countersigned by the Governor, and in the absence of a showing that such countersigning has been had here, the application for the alternative writ must be denied, and it is so ordered at the cost of relator.

CARTER, HOCKER, SHACKLEFORD and COCKRELL, JJ., concur.

WHITFIELD, J., being disqualified, took no part in the decision of the case.